UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OGULCAN SIMSEK,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY
DETENTION CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-04237-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Turkiye, Petitioner entered the United States on April 11, 2024, and was taken into custody by the Department of Homeland Security ("DHS"). *Id*. ¶ 15; ECF No. 5 at 18. On April 12, 2024, Petitioner was released from custody on his own recognizance and placed in removal proceedings. ECF No. 5 at 23. After his release, Petitioner reunited with his Father, who is a lawful permanent resident living in Texas. ECF No. 1 ¶ 30. He also began working as a delivery driver after being authorized to work by USCIS. *Id*. ¶ 33. ICE officers detained Petitioner following an arrest for possession of marijuana. ECF No. 5 at 6. Records submitted by Respondents also indicate that Petitioner was charged for a collision involving injury in April 2025. *Id*. Petitioner contends that both charges were dismissed without any adjudication of guilt—a contention that Respondents do not dispute in response. ECF No. 1 ¶¶ 36–39.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC),

2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose the relief on two grounds. First, they contend that Petitioner is subject to mandatory detention under § 1225(b)(2). ECF No. 5 at 1–2. Second, they argue that if relief is granted, the Court should order a bond hearing in light of Petitioner's criminal history. *Id.* at 3. The first argument has been widely rejected across this Circuit, and the Court does the same here. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025).

But the Court finds that the appropriate remedy under these circumstances is a post-deprivation bond hearing in light of Petitioner's criminal history. The record shows that Petitioner's detention may be justified given his prior arrests. But the relevant question is whether those events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. While "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] [may] have been impracticable and/or would have motivated his flight[,]" *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025),

"allowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation." *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029, 1035 (N.D. Cal. July 17, 2025).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, in part. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days, or a later date upon Petitioner's request, at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present. Respondents shall file a status report attaching the Immigration Judge's order and findings upon completion of the hearing.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 3, 2026

Noël Wise
United States District Judge

3